**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **ERIC SINDERMANN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-00380-CCB-ALT** |
| | ) | |
| **MICROSOFT INC., *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

On October 21, 2026, Defendant AMS Industries Inc. ("AMS"), filed a motion (ECF 9), together with a declaration (ECF 9-1) and supporting brief (ECF 10), seeking to transfer this employment discrimination case to the Northern District of Illinois or, alternatively, to dismiss the case, pursuant to 28 U.S.C. § 1406(a). On October 23 and 27, 2026, respectively, Defendants Microsoft Inc. ("Microsoft") and Walsh Group ("Walsh") expressed their intent to join in or support the motion to transfer. (ECF 12 ⁋ 15; ECF 14 ⁋ 10). *Pro se* Plaintiff has not filed a response to the motion, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(A). Therefore, the motion is unopposed.

For the following reasons, AMS's motion to transfer venue will be GRANTED.

*A. Factual and Procedural Background*

On August 12, 2026, Plaintiff, whose current mailing address is in Kendallville, Indiana,[1] filed an employment discrimination complaint in this Court against Defendants, alleging they violated Title VII and the Americans with Disabilities Act (ADA) by terminating his employment after he took time off for the "Biblical Sabbath" and refused to sign a "false document." (ECF 1).

[1] The Notice of Right to Sue letters issued by the Equal Employment Opportunity Commissioner in May and June 2026 reflect that Plaintiff had a mailing address in Gurnee, Illinois, at the time. (ECF 9-1 at 2, 4).

On October 21, 2026, Defendant AMS filed a motion to transfer this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a), submitting a brief and the Declaration of Nicholas R. Perino, AMS's general counsel, in support. (ECF 9, 9-1, 10).

AMS sets forth the following facts in the Declaration: AMS's principal office is located in Woodridge, Illinois, within the Northern District of Illinois. (ECF 9-1 ⁋ 5).[2] Defendant Microsoft owned a construction project in Mt. Pleasant, Wisconsin (the "Project"), and hired Defendant Walsh to build it, who then subcontracted the mechanical construction work to AMS. (*Id.* ⁋ 6). Plaintiff was referred to AMS for work on the Project through UA Plumbers and Pipefitters Local 118 in Kenosha, Wisconsin. (*Id.* ⁋ 7). Plaintiff reported to the Project in Mt. Pleasant, Wisconsin, and was assigned to work there as a pipefitter. (*Id.* ⁋ 8). AMS's records do not reflect that Plaintiff performed work for AMS in Indiana. (*Id.*). Plaintiff's work schedule, attendance requirements, badge access, supervision, discipline, and termination all related to his assignment on the Project in Wisconsin. (*Id.* ⁋ 9). The AMS supervisors responsible for directing Plaintiff's work and monitoring his attendance were assigned to the Project in Wisconsin. (*Id.* ⁋ 10). The determination to end Plaintiff's employment on July 2, 2025, was made by AMS supervisors assigned to the Project; no person in Indiana reviewed, approved, or participated in that determination. (*Id.* ⁋ 11). Had Plaintiff's employment not ended, his work for AMS would have continued at the Project in Mt. Pleasant, Wisconsin. (*Id.* ⁋ 12). AMS maintains and administers Plaintiff's relevant employment records at its principal office in Woodridge, Illinois. (*Id.* ⁋ 13).

As stated earlier, Defendants Microsoft and Walsh have conveyed they intend to join in or support the motion to transfer. (ECF 12 ⁋ 15; ECF 14 ⁋ 10).

---

[2] Defendant Walsh's headquarters are also located in the Northern District of Illinois. (ECF 14 ⁋ 10).

*B. Legal Standard*

Title VII and ADA employment discrimination cases may be brought: (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice …." 42 U.S.C. § 2000e-5(f)(3); *see Kroll v. Wilkie*, No. 4:19-CV-65-JVB-JPK, 2019 WL 7037368, at *1 (N.D. Ind. Dec. 19, 2019); *Dey v. Innodata Inc.*, No. 17 C 5528, 2018 WL 497283, at *3 (N.D. Ill. Jan. 22, 2018); *Digan v. Euro-Am. Brands, LLC*, No. 10-cv-799, 2010 WL 3385476, at *2 (N.D. Ill. Aug. 19, 2010) ("[P]roper venue for an ADA claim is governed by 42 U.S.C. § 2000e-5(f)(3) ….").

"Section 1406(a) can be invoked only if venue is improper in the district where the case was brought." *Schwarz v. Sellers Mkts., Inc.*, 812 F. Supp. 2d 932, 939 (N.D. Ill. 2011) (citation omitted). "If venue is improper, the court may either dismiss the suit or transfer it to a district in which the plaintiff could have filed it initially." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 875-76 (N.D. Ill. 2015) (citing 28 U.S.C. § 1406(a)). "When a defendant challenges venue, the plaintiff bears the burden of establishing proper venue." *Id.* at 875 (citation omitted); *see Kroll*, 2019 WL 7037368, at *1.

*C. Analysis*

Plaintiff has failed to oppose the motion to transfer venue, so the facts set forth in the motion are accepted for purposes of ruling on the motion. To review, AMS is incorporated and headquartered in Illinois. The alleged employment practices involving AMS in Plaintiff's complaint occurred at the Project in Wisconsin. Plaintiff worked for the Project, and the AMS

supervisors who made the termination decisions were assigned there. AMS maintains and administers Plaintiff's relevant employment records in Woodridge, Illinois. If Plaintiff's employment had not been terminated, he would have continued working at the Project in Wisconsin. No AMS employee in Indiana participated in the decision to terminate Plaintiff's employment. Plaintiff had no Indiana assignment or prospective Indiana assignment.

Consequently, venue is improper in the Northern District of Indiana for Plaintiff's Title VII and ADA claims against AMS. Given Defendants Microsoft's and Walsh's intent to join in or support the motion (ECF 12 ⁋ 15; ECF 14 ⁋ 10), the motion to transfer this case to the Northern District of Illinois will be granted. *See, e.g.*, *Solidstrip, Inc. v. U.S. Tech. Corp.*, No. 20-cv-822-jdp, 2021 WL 1238494, at *3 (W.D. Wis. Apr. 2, 2021) (granting motion to transfer venue pursuant to 28 U.S.C. § 1406(a) where four defendants moved to transfer, the remaining defendants did not object, and the plaintiff did not contend that venue is improper in the transferee venue).

### *D. Conclusion*

For the foregoing reasons, AMS's motion to transfer venue (ECF 9), which is unopposed, is GRANTED. The Court DIRECTS the clerk to transfer this case to the Northern District of Illinois.

SO ORDERED.

Entered this 16th day of November 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge